**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **STEVE CABALLERO, on behalf of** **himself and others similarly-situated,** | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | **CIVIL ACTION NO.** |
| **v.** | §<br>§ | |
| **PBI INTERNATIONAL, LLC,** | §<br>§ | **JURY DEMAND** |
| *Defendant.* | §<br>§<br>§<br>§<br>§<br>§ | |

## COLLECTIVE ACTION COMPLAINT

The above-named Plaintiff ("Plaintiff"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through his counsel, files this Collective Action Complaint against PBI International, LLC and seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

## I.      INTRODUCTION

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff, on behalf of himself and all others similarly-situated, who were formerly or are currently employed as hourly-paid and admittedly non-exempt field employees by Defendant, for damages resulting from Defendant's failure to comply with the overtime requirements of the FLSA.

2.      Plaintiff is one of numerous similarly-situated employees employed by Defendant and whose compensation was improper under the FLSA because Defendant: failed to compensate them for all of their overtime hours at a rate of at least one and one-half times their regular hourly rate. As their employer, Defendant required and/or permitted Plaintiff and the other field employees to perform work before and after their scheduled shift times but failed to compensate them for this time in violation of the minimum wage requirements of the FLSA.  The Defendant also required and/or permitted Plaintiff and the other similarly-situated employees to routinely work in excess of forty (40) hours per week, but failed or refused to compensate them for all such overtime hours worked in accordance with the FLSA. Specifically, Plaintiff and other similarly-situated employees were required to report to Defendant's facility to get their work assignments and tools, run errands, perform equipment maintenance, and perform other mandatory and assigned tasks outside of shift times, but Plaintiff and the other similarly-situated employees were not compensated for this pre or post-shift time, although that time was compensable work time under the FLSA. Such conduct by Defendant is a violation of the FLSA which requires non-exempt employees to be paid at least the federal minimum wage for all hours worked, and to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 206, 207(a).

3.      Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the Fair Labor Standards Act and have not been paid pursuant to the wage and hour provisions of the Fair Labor Standards Act by the Defendant, Plaintiff brings this action on behalf of himself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

## II.      <u>JURISDICTION</u>

4.     This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial portion of the events forming the basis of this Complaint occurred in this District and the Parties reside in this District.

### III.    THE PARTIES

6.     Plaintiff was at all material times one of a number of hourly-paid field employees employed by Defendant during the statutory period.  Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g) and his consent is attached to this Complaint as an Exhibit.

7.     Defendant PBI International, LLC ("Defendant") is a Texas limited liability company with its principal place of business in Texas, and doing business in Texas, which can be served with process by serving its registered agent Michael Foley, at 4200 B. Stone Road, Kilgore, TX, 75662, or wherever he may be found.

### IV.    COVERAGE

8.     Defendant transacts business throughout the United States, including in Texas.

9.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

10.    At all material times, all Defendant has been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.    Defendant had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

12.     At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendant, who is covered by the FLSA because Defendant is a covered enterprise.

13.     At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production for goods for commerce within the meaning of the FLSA.

## V.     GENERAL FACTUAL ALLEGATIONS

14.     Defendant is a Texas corporation that provides equipment and personnel to job sites in Texas, does more than $500,000 per year in business, and describes its services as "turnkey industrial, environmental and mechanical service provider, with multiple locations focused on plant infrastructure maintenance programs that enable customers to reduce plant downtime, solve corrosion and abrasion problems, as well as eliminate environmental concerns."

15.     Plaintiff, and all others similarly-situated, at all material times, worked for Defendant as hourly-paid and admittedly non-exempt field employees. Plaintiff and other similarly situated employees were and are covered by the same policies promulgated by Defendant related to their duties, pay, and non-exempt status, among others.

16.     Plaintiff worked for Defendant through 2024, within the statutory period, and as an hourly-paid employee. In this position, Plaintiff performed outdoor, manual labor and other non-discretionary work on Defendant's behalf throughout Texas, including in this District.

17.     Plaintiff and the other similarly-situated employees were paid an hourly rate. However, Defendant informed Plaintiff and the other similarly-situated employees that they would only be compensated for the time they were originally-scheduled to spend at the job site, that had

been approved by Defendant's customers, and would not be compensated for the time they were actually required and instructed to work on Defendant's behalf.

18.    Plaintiff and the other similarly-situated employees frequently worked hours in excess of 40 hours per week, but were not compensated for all of the hours they worked. The Defendant is obligated, pursuant to the FLSA, to maintain the records for the non-exempt employees' employment including, but not limited to, pay records.

19.    Such conduct by Defendant is a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

20.    Defendant also made unauthorized deductions from wages owed to Plaintiff and Potential Plaintiffs and would deny regular requests that Class Members be paid for their actual hours worked. For several years prior to filing this Complaint (the "Statutory or Liability Period") and despite these regular complaints, Defendant has had a policy and practice of not correctly compensating its non-exempt hourly employees for work performed for the benefit of Defendant, and for not correctly compensating its non-exempt hourly employees for work performed for the benefit of Defendant over and above forty (40) hours per week as required under the FLSA, resulting in knowing violations of both the minimum wage and the overtime provisions of the FLSA. Therefore, the violations at issue were made knowingly, persisted and have not fully been rectified, exhibiting a willful violation of the law.

## VI.    COLLECTIVE ACTION ALLEGATIONS

21.    Plaintiff (the "Named Plaintiff" or "Collective Action Representative") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action").  In addition to the claims of the individually named Plaintiff, Plaintiff brings this action

as the representative of all similarly-situated former and current employees of the Defendant.  The potential class of "opt-in" employees can be defined as:

> ***All hourly-paid current or former field employees employed by Defendant from three years prior to the filing of this Complaint to the present were not paid lawful overtime rates for all overtime hours worked* (weekly hours in excess of 40)**

22.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23.    Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing or refusing to compensate its employees for the hours they actually worked at the storage yard, at safety meetings, driving between the storage yard and the assigned job sites or otherwise; and Defendant's practice of failing or refusing to compensate its employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

24.    The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may be easily and quickly notified of the pendency of this action.

25.    Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting.  Plaintiff is aware of current and former employees of the Defendant that have been affected.

26.    There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

(a)    Whether Plaintiffs were compensated for all hours worked;

(b)    Whether Plaintiffs worked more than forty (40) hours per week;

(c)    Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

(d)    Whether Defendant's practices accurately account for the time Plaintiffs actually were working;

(e)    Whether Defendant's compensation policy and practice is illegal; and

(f)    Whether Defendant had a policy and practice of willfully failing to compensate employees for overtime.

27.    The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

28.    The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

29.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

30.    The Collective Action Representative is an adequate representative of similarly-situated current and former employees because he is a former employee of the same entity and his interests do not conflict with the interests of the other similarly-situated current and former

employees he seeks to represent. The Collective Action Representative worked for the Defendant and worked the hours which are the subject of this complaint and further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and his undersigned counsel.

31.    Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VII.    COUNT I
**(Violation of FLSA, 29 U.S.C. § 207)**

32.    At all material times, Plaintiff was an employee of Defendant.

33.    At all material times, Defendant, as more fully set forth above, required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for all such hours.

34.    Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

35.    Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial.

36.     Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

37.     Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful. Specifically, the Defendant had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of all overtime compensation at a rate of at least one-and-one-half times their regular hourly rate for all hours worked beyond forty (40) per week. 29 U.S.C. § 255.

## PRAYER FOR RELIEF

(a)     at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive compensation for all hours worked and/or did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b)     issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid wages and/or premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c)     issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid minimum wages owed for all hours worked pursuant to the rate provided by the FLSA;

(d)     issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtime compensation owed to them;

(e)     issue an Order directing and requiring Defendant to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees

expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(f)  issue an Order declaring Defendant's pay practices to be illegal and directing Defendant to comply with the FLSA;

(g)  issue an Order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(h)  provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By:  *s/ Colby Qualls*
Colby Qualls

**FORESTER HAYNIE PLLC**
Colby Qualls
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (214) 210-2100
cqualls@foresterhaynie.com

By:  *s/Matthew McCarley*
Matthew McCarley

**FORESTER HAYNIE PLLC**
Matthew McCarley
11300 North Central
Expressway, Suite 550
Dallas, Texas 75243
Telephone: (214) 210-2100
mccarley@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing will be served in compliance with the federal rules.

*/s/ Colby Qualls*_____
Colby Qualls