**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| STEVE CABALLERO, on behalf of himself and others similarly-situated, <br><br> *Plaintiff,* <br><br> v. <br><br> PBI INTERNATIONAL, LLC, <br><br> *Defendant,* | CIVIL ACTION NO. 3:25-cv-00026 |

**DEFENDANT PBI INTERNATIONAL, LLC'S ORIGINAL ANSWER
TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES PBI International, LLC, Defendant in the above-styled and numbered cause ("Defendant"), and files this its Answer to Plaintiff's Collective Action Complaint (the "Complaint"), and in support thereof, respectfully shows this Honorable Court as follows:

## I.    INTRODUCTION

1.    The contents of Paragraph 1 do not include factual allegations to which a responsive pleading is required. The statutes in Paragraph 1 of the Complaint speak for themselves.   To the extent that the allegations of Paragraph 1 are construed to be factual allegations, Defendant denies the

allegations contained in Paragraph 1 of the Complaint.

2.      No response to Paragraph 2 of the Collective Action Complaint is required as this paragraph contains legal conclusions. To the extent that the allegations of Paragraph 2 are construed to be factual allegations, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      The contents of Paragraph 3 do not include factual allegations to which a responsive pleading is required. The statutes in Paragraph 3 of the Complaint speak for themselves. To the extent that the allegations of Paragraph 3 are construed to be factual allegations, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## II.     JURISDICTION AND VENUE

4.      Defendant admits that this Court has jurisdiction over the subject matter of this action.

5.      Defendant admits that venue is properly maintained in this Court.

## III.     THE PARTIES

6.      Defendant admits that it employed Plaintiff and paid Plaintiff on an hourly basis. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

## IV.     COVERAGE

8.      Defendant admits the allegations set forth in Paragraph 8 of the

Complaint as stated.

9.    Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.    Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendant admits that it is a covered enterprise and that it employed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.    Defendant admits that Plaintiff was engaged in commerce. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

## V.    GENERAL FACTUAL ALLEGATIONS

14.    Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendant admits that Plaintiff worked for Defendant as an employee paid on an hourly basis. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.    Defendant admits that Plaintiff worked for Defendant from October 2022 to July 2024.  Defendant admits that Plaintiff performed manual labor work on Defendant's behalf in Texas, including in Galveston County.  Defendant denies

any remaining allegations contained in Paragraph 16 of the Complaint.

17.      Defendant admits the allegation in Paragraph 17 of the Complaint that Plaintiff was paid an hourly rate.   Defendant denies the rest of the allegations contained in Paragraph 17.

18.      The allegations of Paragraph 18 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 18 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.      The allegations of Paragraph 19 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 19 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.      The allegations of Paragraph 20 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 20 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## VI.    COLLECTIVE ACTION ALLEGATIONS

21.      The allegations of Paragraph 21 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 21 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.      The statute in Paragraph 22 of the Complaint speaks for itself. To

the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations of Paragraph 23 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 23 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. The allegations of Paragraph 24 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 24 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations of Paragraph 25 constitute legal conclusions and therefore do not require a responsive pleading. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 relating to what Plaintiff is aware of. To the extent the remaining allegations of Paragraph 25 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 26 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 26 and subparagraphs (a) through (f) of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 constitute legal conclusions and

therefore do not require a responsive pleading. To the extent the allegations of Paragraph 27 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. The allegations of Paragraph 28 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 28 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 29 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 constitute legal conclusions and therefore do not require a responsive pleading. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 relating to what Collective Action Representative is personally aware of. To the extent the remaining allegations of Paragraph 30 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 31 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## VII.    COUNT I

## (VIOLATIONS OF FLSA, 29 U.S.C. § 207)

32.    Defendant admits that Defendant employed Plaintiff from October 2022 to July 2024. Defendant denies any remaining allegations set forth in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.    To the extent the allegations of Paragraph 34 constitute legal conclusions, they do not require a responsive pleading. To the extent the remaining allegations of Paragraph 34 could be construed to be factual allegations, Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.    The allegations of Paragraph 35 constitute legal conclusions and therefore do not require a responsive pleading. To the extent the allegations of Paragraph 35 could be construed to be factual allegations, Defendant denies the allegations contained in Paragraph 35 of the Complaint

36.    Defendant denies the allegations set forth in Paragraph 36 as stated in the Complaint.

37.    Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

## VIII.    AFFIRMATIVE DEFENSES

38. Plaintiff and any potential opt-ins have failed, in whole or in part, to state a claim upon which relief can be granted.

39. Some or all of Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA and any applicable state law.

40. Defendant acted in good faith and had reasonable ground for believing that it acted properly in its pay practices with respect to any employees, including Plaintiff and other employees.

41. Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of each Plaintiff's claims and the claims of each potential opt-in and each of Defendant's defenses is required.

42. Plaintiff's attempt to pursue this case as a collective action violates Defendant's constitutional right to a jury trial and due process.

43. Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimus* exception.

44. Plaintiff's claims and the claims of any potential opt-ins are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

45. Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors.

46.     Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, by the applicable statute of limitations.

47.     Defendants acted in good faith and without any willful intent to deprive Plaintiff and any potential opt-ins of compensation.

48.     Defendant is entitled to a set-off for any uncompensated overtime worked, an occurrence expressly denied by Defendant, because Plaintiff and any potential opt-ins received compensation from Defendant in excess of that owed under the FLSA.

49.     Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, to the extent that they violated Defendant's policies.

## IX.    DEFENDANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Complaint herein be dismissed in its entirety with prejudice and such other relief as may be just and proper, after due proceedings.

Respectfully submitted,

**ROBERTS MARKEL WEINBERG BUTLER HAILEY, P.C.**

GREGORY B. GODKIN
Texas Bar No.  24002146
Federal Bar No. 23605
JUSTIN SPEARS
Texas Bar No. 24117086
Federal Bar No. 3472017
317 Grace Lane, Suite 140
Austin, Texas 78746

ggodkin@rmwbh.com
jspears@rmwbh.com
Telephone: (512) 279-7344
**ATTORNEYS FOR DEFENDANT**
**PBI INTERNATIONAL, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer has been sent to all counsel of record through the court's CM/ECF System this 7th day of April 2025, as follows:

***VIA E-SERVICE:***
Colby Qualls
FORESTER HAYNIE PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (214) 210-2100
cqualls@foresterhyaynie.com

Matthew McCarley
FORESTER HAYNIE PLLC
11300 North Central Expressway, Suite 550
Dallas, Texas 75243
Telephone: (214) 210-2100
mccarley@foresterhaynie.com
**ATTORNEYS FOR PLAINTIFF**

_____
GREGORY B. GODKIN